UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

PHILLIP MOODY,

    Plaintiff,

v.

AMERICAN EXPRESS COMPANY
and AMERICAN EXPRESS TRAVEL
RELATED SERVICES, INC.,

    Defendants.
_____ /

## DEFENDANTS' NOTICE OF REMOVAL

Defendants AMERICAN EXPRESS COMPANY and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. (collectively, "Defendants" or "AMEX"), pursuant to 28 U.S.C. §§1331, 1441 and 1446, hereby give notice of the removal of this action to the United States District Court for the Southern District of Florida. In support of this Notice of Removal, AMEX states as follows:[1]

**1. State Court Action**

On December 28, 2020, Plaintiff initiated an action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *Phillip Moody v. American Express Company and American Express Travel Related Services Company, Inc.,* and designated Case No. CACE20-021780. A true and correct copy of Plaintiff's Complaint, along with the rest of the state court file, is attached at Tab A.

---

[1] AMEX does not waive, but rather expressly reserves, the right to move to compel arbitration.

### 2. Defendants' Receipt of Plaintiff's Complaint

Copies of the Complaint and Summons in this action were served on American Express Travel Related Services Company, Inc., via its registered agent on April 1, 2021. AMEX did not have prior notice of this action.

### 3. Nature of the Action in Plaintiff's Complaint

In his Complaint, Plaintiff alleges that AMEX discriminated against him on the basis of his religion in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA"). Specifically, Plaintiff alleges that he was written up and his employment was terminated due to unlawful discrimination, and that he was retaliated against for purportedly reporting his supervisor to Human Resources. *See* Compl. at ¶¶ 25-46. Plaintiff's Complaint seeks damages in the form of back pay, front pay or reinstatement, compensatory and punitive damages, attorneys' fees and costs. *Id*. at *ad damnum* clause following ¶¶ 53, 56, 58, and 60.

### 4. Removal of State Court Action

Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants … to the district court of the United States for the district and division embracing the place where such action is pending." As demonstrated below, this action is removable under 28 U.S.C. §1441(a) in that the district court would have original jurisdiction under 28 U.S.C. §1331 (federal question). In addition, venue is proper in the Fort Lauderdale Division of the United States District Court for the Southern District of Florida as demonstrated in section 6 below. Finally, this Notice of Removal is being filed in a timely manner as demonstrated in section 7 below.

### 5. Jurisdiction Based on Federal Question

Pursuant to 28 U.S.C. §1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." This Court has original jurisdiction over this action under 28 U.S.C. §1331 because the Complaint contains claims arising under the laws of the United States – namely, under Title VII. *See* Tab A, Compl. ¶¶ 49, 58. Furthermore, Plaintiff's FCRA claims arise from the same alleged nucleus of operative facts in that they all relate to his employment with AMEX and AMEX's alleged discrimination and/or retaliation against him. As such, these claims are so related to Plaintiff's Title VII claims that they form part of the same case or controversy. *See* 28 U.S.C. §1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy …"). Thus, under 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's FCRA claims as well.

Accordingly, this case may be removed to this Court by AMEX pursuant to 28 U.S.C. §1441(a) without regard to citizenship of the parties or amounts in controversy.

### 6. Venue

The Fort Lauderdale Division of the United States District Court for the Southern District of Florida is the judicial district embracing the place where the state court action is pending. *See* 28 U.S.C. §§ 89(c), 1441(a) and 1446(a); Tab A, Compl. at ¶4 (noting that the alleged events giving rise to this Complaint occurred in Broward County, Florida). The Southern District of Florida is therefore the proper court to which this case should be removed.

**7. Timeliness of Notice of Removal**

Pursuant to 28 U.S.C. § 1446(b)(3), this removal is timely because 30 days have not elapsed since service of the Complaint.

**8. State Court Pleadings**

Pursuant to 28 U.S.C. § 1446(a), with this Notice, AMEX is simultaneously filing copies of all process, pleadings, and orders existing on file in the State court in this removed action. Copies of these removal documents are attached to this Notice as Tab A. Further, pursuant to 28 U.S.C. § 1446(d), AMEX is filing a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. A copy of the Notice of Filing Notice of Removal, without attachments, is attached at Tab B.

Dated this 30th day of April, 2021.

Respectfully submitted,

s/ Sharon A. Lisitzky_____
**Counsel for American Express Co. & American Express Travel Related Services Co., Inc.**
Sharon A. Lisitzky, Esq.
  Fla. Bar No. 0382700
LISITZKY LAW GROUP P.A.
20704 W. Dixie Highway
Aventura, FL 33180
Tel.: (305) 632-8444
sharon@lislawgroup.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 30, 2021, I filed the foregoing with the Clerk of the Court via CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission or Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Sharon A. Lisitzky_____<br>
Sharon A. Lisitzky<br>
Counsel for Defendants

**SERVICE LIST**

Karen Coolman Amlong, Esq.
Amlong & Amlong, P.A.
500 Northeast Fourth St., 2nd floor
Fort Lauderdale, Florida 33301
Telephone: (954) 462-1983
Email: kamlong@theamlongfirm.com (via electronic mail)