# TAB A —
# STATE COURT FILE

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

Case Number: _____

Phillip Moody,

     Plaintiff,

vs.

American Express Company and
American Express Travel Related
Services Company, Inc., foreign for
profit corporations,

     Defendants.

_____/

## COMPLAINT FOR DAMAGES AND OTHER RELIEF

Plaintiff, Phillip Moody ("plaintiff" or "Moody"), sues defendants

American Express Company and American Express Travel Related Services

Company, Inc., foreign for profit corporations, (collectively "defendants"),

and alleges:

### <u>Introduction</u>

1.    This is a religious discrimination and retaliation action brought by

plaintiff, a Jehovah Witness formerly employed by defendants as a Customer

Care Professional. After four years of outstanding sales and no disciplinary

actions for sales misconduct, plaintiff was written up twice by his new team

leader, Karen Dennett, who told him she did so because he refused to



**The Amlong Firm** • 500 Northeast Fourth Street • Fort Lauderdale, FL 33301 • 954.462.1983

participate in social activities that violated his religious beliefs. Plaintiff complained to Human Resources about religious discrimination by Ms. Dennett and shortly thereafter, on January 16, 2020, he was fired.

2.     Plaintiff sues under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA") for religious discrimination and retaliation, seeking all available relief.

## **Jurisdiction and Venue**

3.     This is an action for damages in excess of $30,000, exclusive of costs and interest, and for injunctive relief.

4.     Venue is proper in Broward County, Florida, because the cause of action arose here.

## **The Parties**

5.     Plaintiff, Phillip Moody, is a Black male of Jamaican lineage and a practicing Jehovah's Witness, who adheres to the beliefs and practices of his religion including the teachings to remain separate from the world and minimize contact with non-Witnesses and the refusal to celebrate certain religious and national holidays, including Christmas.

6.     Plaintiff at all material times was employed by defendants, American Express Company ("Amex" ) and American Express Travel Related Services, Inc. ("TRS"), as a customer care professional ("CCP") and was:

      a.     an "employee" as contemplated by Title VII at 42 U.S.C. § 2000e(f);

      b.     an "aggrieved person" as contemplated by the FCRA under section 760.02(10(), Florida Statutes;

      c.     protected against discrimination on account of his religion by Title VII and the FCRA; and

      d.     protected against retaliation for engaging in activity that is protected by Title VII and the FCRA.

7.     Defendant(s):

      a.     Amex is, and at all material times was, a foreign for profit corporation and bank holding company which, through its consolidated subsidiaries, offers charge and credit payment card products and travel related services to consumers and businesses around the world;

      b.     TRS is, and at all material times was, the principal operating subsidiary of Amex and was the "employer" on plaintiff's paychecks from his employment at defendants' facilities located at 1500 NW 136th Ave, Sunrise, FL 33323;

      c.     were an "employer" as contemplated by Title VII under 42 U.S.C. § 2000e(B); and

      d.     were an "employer" as contemplated by the FCRA at section 760.02(7), Florida Statutes.

8.     At all material times Karen Dennett, plaintiff's new Team Leader ("TL"), Kassian Powell, Ms. Dennett's boss and the Sales District Leader

("SDL"), Ryan Sevick who also was a SDL and Sophia Hendricks from Human Resources were employed by defendants and acting within the scope and course of their authority.

## Satisfaction of Conditions Precedent

9.    Plaintiff timely filed a charge of discrimination in March 2020 with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 510-2020-02615, alleging employment discrimination based on religion and retaliation.

10.    The filing with the EEOC was timely filed within the time allowed for filing under the FCRA and satisfied the filing requirements for the FCRA under section 760.11(1), Florida Statutes.

11.    The Florida Commission made no finding adverse to plaintiff within 180 days of plaintiff's filling of his charge, entitling him to sue defendant.

12.    All other conditions precedent to this action have been satisfied, have been waived or would be futile.

## General Allegations

Plaintiff excelled at his job and had no disciplinary record.

13.    Plaintiff worked for defendants as a CCP for approximately five years before he was fired.

14.    As a CCP, it was plaintiff's job to sell customers upgrades on their credit cards and he received commissions for each sale.

15.    For the first four years of his employment, plaintiff received in 2018 only a Level I write up for misreading a required disclosure. He was accused of no sales misconduct and given no other disciplinary actions.

16.    Plaintiff's calls with customers are monitored to insure compliance with company rules and the calls must be 100% error free, which plaintiffs were.

17.    Plaintiff was third in sales and customer surveys out of 3,600 employees company-wide.

18.    Plaintiff was considered such a superior sales person that he frequently was asked by management to coach other CCPs on how to close sales.

19.    Plaintiff had the least number of "escalated calls" of any CCP on his team.

20.    Plaintiff was given a "Golden Ticket" award by the Platinum team, which recognized overall excellent performance (being in the top ten percent at plaintiff's job site).

The trouble started after Karen Dennett became plaintiff's TL.

21.    In or about March or April 2019, Karen Dennett became plaintiff's TL.

22.    Plaintiff was first in sales among his team members the entire time he was on Ms. Dennett's team.

23.    Until in or about August 2019, plaintiff and Ms. Dennett had a cordial relationship, often entering and leaving the building together and sharing aspects of their personal lives.

24.    Ms. Dennett, in August 2019 asked plaintiff to participate in a "Pot Luck: meeting" with the other team members.

25.    Plaintiff told Ms. Dennett he was a Jehovah Witness and could not participate in the "Pot Luck" portion of the meeting because doing so would be contrary to his religions beliefs.

26.    Ms. Dennett allowed plaintiff to skip the "Pot Luck" portion of the meeting but otherwise attend the team meetings so he could interact with his peers until December 2019.

27.    Ms. Dennett, in November 2019, wrote plaintiff up for use of an "incorrect business word" during a call with a customer.

28.    The November 2019 write up was Level 1 discipline — the first level in the progressive discipline process — the first and only discipline plaintiff had received during his employment with defendants up until that time.

29.    Plaintiff had always used the "incorrect business word" in his sales spiels — including the ones during which other CCPs listened in at the direction of management to learn the techniques plaintiff used to successfully close so many sales.

30.    Plaintiff later learned that there had been a "rules change" that prohibited the use of the "incorrect business word" that never was

communicated to him because he was out on medical leave for several weeks during May, June and July 2019 due to a surgical procedure.

31.    Ms. Dennett's team held a "Secret Santa" gift exchange on December 13 or 14, 2019 in conjunction with a holiday meeting.

32.    Plaintiff told Ms. Dennett he could not participate in the "Secret Santa" exchange because it was against his religion.

33.    Unlike the "Pot Luck" meeting earlier, after plaintiff declined to participate in the "Secret Santa" exchange, Ms. Dennett told plaintiff he could not attend any holiday meeting except staff meetings and one-on-one meetings.

34.    Ms. Dennett, on January 7, 2020, tried to give plaintiff a disciplinary write up for calling out sick on January 2, 2020 — the day after a holiday — but was foiled when plaintiff refused to sign the write up and instead presented a doctors' note excusing the absence, which Ms. Dennett should have given to Human Resources, but did not. Rather, at the end of the meeting, for the first time, Ms. Dennett told plaintiff he was going to be fired for using the word, "GIFT," during a call.

35.    The call during which plaintiff had used the forbidden word took place on December 4, 2019, prior to plaintiff's refusal to participate in the "Secret Santa" event but was not used as a basis for discipline until nearly a month later — and after plaintiff has again asserted his religious beliefs.

36.    During a January 7 discussion of the discipline, Ms. Dennett told plaintiff she was upset that he would not sign the write-up for the January 2

absence and she was writing him up was because he would not participate in the Pot Luck meeting and the Secret Santa exchange.

37.    Other CCPs in plaintiff's business unit used the same "incorrect business word" and were not disciplined at all.

38.    Other CCPs had multiple Level II and Level III disciplinary offenses and were not fired.

39.    There are no other Jehovah Witnesses on plaintiff's team.

40.    Plaintiff continued to refuse to sign the December write up and insisted that no action be taken until Ms. Powell, the SDL, returned from vacation.

<u>Plaintiff complains to Human Resources about Karen Dennett's religious discrimination</u>.

41.    Plaintiff, on January 7, following his discussion with Ms. Dennett and before Ms. Dennett could report the alleged use of an "improper business word" on December 4, spoke to Sophia Hendricks from Human Resources and complained that Karen Dennett had discriminated against him in the terms and conditions of his employment — including but not limited to by excluding him from certain meetings, by giving him two undeserved write-ups and by threatening termination — all because of his religious beliefs.

42.    Ms. Hendricks told plaintiff she would investigate his complaint.

43.    Plaintiff had an objectively reasonable, good faith belief that the actions taken by Karen Dennett were taken because of his religion and that for her to do so was against the law.

Plaintiff is suspended and then fired.

44.    Subsequently, on January 8, 2020, plaintiff spoke with SDL Ryan Sevick and told him he did not want to be on Ms. Dennett's team.

45.    Mr. Sevick told plaintiff to stay home with pay for several days, which plaintiff later learned was not to facilitate any investigation, but was a suspension.

46.    Plaintiff learned on January 17, 2020 that his employment had been terminated effective January 16, 2020.

## Count I: Religious Discrimination in Violation of Title VII

47.    Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraph 1 through 5, 6(a) and 6(c), 7(a), (b) and (c), 8, 9 through 12, 13 through 20, 21 through 40 and 44 through 46.

48.    Defendants' actions toward plaintiff were taken because of plaintiff's religion.

49.    Defendants' treatment of and actions toward plaintiff violated Title VII's prohibition in 42 USC 2000e-2(a)(1) and (2) against discrimination based on religion.

50.    As a direct, natural, proximate and foreseeable result of the actions of defendants, plaintiff has lost wages and other benefits and

suffered mental anguish, loss of dignity, and other intangible injuries, all of which are continuing and will continue into the future.

51.    The discrimination that plaintiff has suffered violates his statutory right to be free from such discrimination and therefore constitutes irreparable harm for which there is no adequate remedy at law.

52.    Defendants' actions were taken with malice or reckless indifference to plaintiff's federally protected rights so as to justify the imposition of punitive damages to punish defendants and to deter others.

53.    Plaintiff is entitled to reasonable attorneys' fees and his costs if he prevails in this action.

WHEREFORE, plaintiff prays that this Court will:

**One**, determine that defendants' treatment of plaintiff was because of his religion, which violated his rights under Title VII to be free of such discrimination;

**Two**, grant plaintiff an order prohibiting the discriminatory practice and providing affirmative relief including back pay, reinstatement or front pay in lieu of reinstatement;

**Three**, award plaintiff compensatory damages, including damages for mental anguish, loss of dignity, and any other intangible injuries caused by defendant's violations of Title VII;

**Four**, award plaintiff punitive damages;

**Five**, award plaintiff his reasonable attorneys' fees and litigation expenses against defendants, and

***Six***, provide any other relief that is appropriate.

### Count II: Religious Discrimination in Violation of the FCRA

54.     Plaintiff realleges and adopts as if fully set forth in Count II paragraphs 1 through 5, 6(b) and (c), 7(a), (b) and (d), 8, 9 through 12, 13 through 20, 21 through 40, 44 through 46, 48, 50, 51 and 53.

55.     Defendants' treatment of and actions toward plaintiff violated the FCRA's prohibition in section 760.10(1), Florida Statutes against discrimination based on religion.

56.     Defendants had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to plaintiff would result and, despite that knowledge, intentionally pursued that course of conduct, resulting in injury or damage, thereby justifying the imposition of punitive damages to punish defendants and to defer others.

WHEREFORE, plaintiff prays that this Court will:

***One***, determine that defendants' treatment of plaintiff was because of his religion, which violated his rights under the FCRA to be free of such discrimination;

***Two***, grant plaintiff an order prohibiting the discriminatory practice and providing affirmative relief including back pay, reinstatement or front pay in lieu of reinstatement;

***Three***, award plaintiff compensatory damages, including damages for mental anguish, loss of dignity, and any other intangible injuries caused by defendants' violations of the FCRA;

*Four*, award plaintiff punitive damages;

*Five*, award plaintiff his reasonable attorneys' fees and litigation expenses against defendants, and

*Six*, provide any other relief that is appropriate.

### Count III: Retaliation under Title VII

57.    Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraph 1 through 5, 6(d), 7(a), (b) and (c), 8, 9 through 12, 13 through 20, 21 through 40, 41 through 43, 44 through 46, and 50 through 53.

58.    Plaintiff reporting Karen Dennett to Human Resources was opposition to an employment practice made unlawful by Title VII and was itself an unlawful employment practice under 42 U.S.C. § 2000e-3(a).

WHEREFORE, plaintiff prays that this Court will:

*One*, determine that defendants' treatment of plaintiff was because of his protected activity, which violated his rights under Title VII to be free of such discrimination;

*Two*, grant plaintiff an order prohibiting the discriminatory practice and providing affirmative relief including back pay, reinstatement or front pay in lieu of reinstatement;

*Three*, award plaintiff compensatory damages, including damages for mental anguish, loss of dignity, and any other intangible injuries caused by defendant's violations of Title VII;

*Four*, award plaintiff punitive damages;

**Five**, award plaintiff his reasonable attorneys' fees and litigation expenses against defendants, and

**Six**, provide any other relief that is appropriate.

## Count IV: Retaliation under the FCRA

59.     Plaintiff realleges and adopts as if fully set forth in Count IV paragraphs 1 through 5, 6(d), 7(a), (b) and (d), 8, 9 through 12, 13 through 20, 21 through 40, 48, 50, 51 and 53.

60.     Plaintiff reporting Karen Dennett to Human Resources was opposition to an employment practice made unlawful by the FCRA and was itself an unlawful employment practice under section 760.10(7), Florida Statutes.

WHEREFORE, plaintiff prays that this Court will:

**One**, determine that defendants treatment of plaintiff was because of his protected activity, which violated his rights under the FCRA to be free of such discrimination;

**Two**, grant plaintiff an order prohibiting the discriminatory practice and providing affirmative relief including back pay, reinstatement or front pay in lieu of reinstatement;

**Three**, award plaintiff compensatory damages, including damages for mental anguish, loss of dignity, and any other intangible injuries caused by defendant's violations of the FCRA;

**Four**, award plaintiff punitive damages;

***Five***, award plaintiff his reasonable attorneys' fees and litigation

expenses against defendant, and

***Six***, provide any other relief that is appropriate.

Amlong & Amlong, P.A.
500 Northeast Fourth St.,
Second Floor
Fort Lauderdale, Florida
33301 (954) 462-1983


By:     s/ *Karen Coolman Amlong*
KAREN COOLMAN AMLONG
Florida Bar Number 275565
kamlong@theamlongfirm.com
WILLIAM R. AMLONG
Florida Bar Number 470228
wramlong@theamlongfirm.com
AMY L. BLOOM
Florida Bar Number 98275
abloom@theamlongfirm.com

\\amlong3\cpshare\CPWin\HISTORY\201006_0001\15C0.25

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

    **I.**    **CASE STYLE**

        IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>  JUDICIAL CIRCUIT,
        IN AND FOR <u>BROWARD</u>  COUNTY, FLORIDA

<u>PHILLIP MOODY</u>
Plaintiff
                         Case # _____
                         Judge _____

vs.

<u>AMERICAN EXPRESS COMPANY, AMERICAN EXPRESS TRAVEL RELATED SERVICES</u>
<u>COMPANY,</u>
  Defendant

    **II.**    **AMOUNT OF CLAIM**
Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☒ $75,001 - $100,000
☐ over $100,000.00

    **III.**    **TYPE OF CASE**    (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 12/28/2020 09:10:41 PM.****

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  <u>4</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Karen Coolman Amlong</u>      Fla. Bar # <u>275565</u>
      Attorney or party             (Bar # if attorney)

<u>Karen Coolman Amlong</u>          <u>12/28/2020</u>
  (type or print name)            Date

**IN THE CIRCUIT COURT OF THE 17ᵀᴴ JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA**

Phillip Moody
_____
Plaintiff

VS

American Express Company and
_____
Defendant
American Express Travel Related

Case No: _Case 20-21780_

Judge Division: _____08_____


FILED
DEC 29 2020
By_____

## CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020-73-Civ/
2020-74-UFC:

"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO
DISMISSED CIVIL OR FAMILY CASES",

The Clerk has conducted a search for all previous existing civil cases related to
these two parties.

Listed below are all the aforementioned related cases:

None

Brenda D. Forman
Circuit and County Courts

By: _____
Deputy Clerk

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:  CACE20-021780

PHILLIP MOODY,

      Plaintiff,                  **SUMMONS**
                                      **CIVIL COMPLAINT**

vs.

AMERICAN EXPRESS COMPANY and
AMERICAN EXPRESS TRAVEL
RELATED SERVICES COMPANY,
INC., foreign for profit
corporations,

      Defendants.
_____/

THE STATE OF FLORIDA:
To Each Sheriff of the State:

      YOU ARE COMMANDED to serve this Summons, a copy of the Complaint,
in this lawsuit on defendant:

      American Express Travel Related Services Company, Inc.
                  200 Vesey Street
                New York, NY 10285

                    c/o

              Its Registered Agent:

            C T Corporation System
        1200 South Pine Island Road
          Plantation, FL 33324

      A lawsuit has been filed against you. You have 20 calendar days after this
summons is served on you to file a written response to the attached complaint
with the clerk of this court.  A phone call will not protect you.  Your written
response, including the case number given above and the names of the parties,
must be filed if you want the court to hear your side of the case. If you do not

file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to Plaintiff's Attorney named below.

**Karen Coolman Amlong, Attorney-at-Law**
**Amlong & Amlong, P.A.,**
**500 Northeast Fourth Street**
**Second Floor**
**Fort Lauderdale, Florida 33301**

DATED ON_____FEB 12 2021_____

CLERK OF THE CIRCUIT COURT

As Clerk of the Circuit Court

By:_____

As Deputy Clerk

BRENDA D. FORMAN

\\amlong3\cpshare\CPWin\HISTORY\201209_0001\1830.15

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:  CACE20-021780

PHILLIP MOODY,

        Plaintiff,

vs.

AMERICAN EXPRESS COMPANY and
AMERICAN EXPRESS TRAVEL
RELATED SERVICES COMPANY,
INC., foreign for profit
corporations,

        Defendants.

_____/

**SUMMONS
CIVIL COMPLAINT**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this Summons, a copy of the Complaint,
in this lawsuit on defendant:

American Express Company
200 Vesey Street
New York, NY 10285

c/o

Its Registered Agent:

C T Corporation System
1200 South Pine Island Road
Plantation, FL 33324

    A lawsuit has been filed against you. You have 20 calendar days after this
summons is served on you to file a written response to the attached complaint
with the clerk of this court.  A phone call will not protect you.  Your written
response, including the case number given above and the names of the parties,
must be filed if you want the court to hear your side of the case. If you do not

file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements.  You may want to call an attorney right away.  If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to Plaintiff's Attorney named below.

**Karen Coolman Amlong, Attorney-at-Law**
**Amlong & Amlong, P.A.,**
**500 Northeast Fourth Street**
**Second Floor**
**Fort Lauderdale, Florida 33301**

DATED ON_____FEB 12 2021_____

CLERK OF THE CIRCUIT COURT


As Clerk of the Circuit Court

By:_____
    As Deputy Clerk

BRENDA D. FORMAN

\\amlong3\cpshare\CPWin\HISTORY\201209_0001\1830.14

## RETURN OF SERVICE

| State of Florida | County of Broward | 17th Judicial Circuit Court |
|---|---|---|

Case Number: CACE20-021780

Plaintiff:
**PHILLIP MOODY**

vs.

Defendant:
**AMERICAN EXPRESS COMPANY and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.,**

For:
Karen Coolman Amlong
Amlong & Amlong, PA
ypharris@theamlongfirm.com
500 NE Fourth Street
Ft. Lauderdale, FL 33301

Received by All Broward Process Corp on the 31st day of March, 2021 at 4:39 pm to be served on **American Express Travel Related Services Company, Inc. c/o C T Corporation System, 1200 South pine Island Road, Plantation, FL 33324**.

I, Francisco X. Carreras, do hereby affirm that on the **1st day of April, 2021** at **2:30 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **SUMMONS, COMPLAINT FOR DAMAGES AND OTHER RELIEF** with the date and hour of service endorsed thereon by me, to: **Donna Moch** as **Registered Agent** at the address of: **1200 South pine Island Road, Plantation, FL 33324** on behalf of **American Express Travel Related Services Company, Inc.**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 55+, Sex: F, Race/Skin Color: White, Height: 5'5", Weight: 140, Hair: Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I declare I have read the foregoing Return of Service and that the facts stated are true. Notary not required pursuant to F.S. 92.525(2). Electronically signed in accordance with FSS 48.21(1).

**Francisco X. Carreras**
#582

**All Broward Process Corp**
**701 N Fig Tree Lane**
**Plantation, FL 33317**
**(954) 214-5194**

Our Job Serial Number: BPC-2021001008

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1z

IN THE CIRCUIT COURT OF THE
17ᵀᴴ JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FL

CASE NO. CACE20-021780

PHILLIP MOODY,

      Plaintiff,

vs.

AMERICAN EXPRESS COMPANY and
AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY, INC.,

      Defendants.

_____ /

## DEFENDANTS' AGREED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

    Defendants AMERICAN EXPRESS COMPANY and AMERICAN EXPRESS TRAVEL

RELATED SERVICES COMPANY, INC. (collectively, "Defendants"), hereby request an extension

of time of two weeks, up to and including May 5, 2021, to file their answer(s) or motion(s) in response

to Plaintiff Phillip Moody's Complaint. In support of this Motion, Defendants state as follows:

    1.    Plaintiff Moody filed his Complaint on December 28, 2020. The Complaint was

served on April 1, 2021. Therefore, pursuant to Fla. R. Civ. P. 1.140 (a), Defendants' current deadline

to file their answer(s) or motion(s) in response to the Complaint is April 21, 2021.

    2.    The undersigned counsel was recently retained by Defendants, and additional time is

required to investigate Plaintiff's claims and frame the proper response. Additionally, the

undersigned has requested that Plaintiff agree to submit his claims to arbitration in accordance with

Defendants' Arbitration Policy, by which he is bound. The undersigned has provided Plaintiff's

counsel with the relevant documentation and is attempting to reach an agreement on the issue prior

to resorting to motion practice.   The requested extension will, therefore, allow the parties time to attempt to resolve the issue, and may preserve the Court's and the parties' resources.

3.      This motion is filed in good faith and not for the purpose of delay.  And because this case was only recently served, the granting of this brief extension will not impact any other deadlines or inconvenience any party.  Further, the undersigned conferred with Plaintiff's counsel regarding the basis of this motion, and attorney Karen Amlong agreed to the extension.

4.      Accordingly, and pursuant to Fla. R. Civ. P. 1.090(b), Defendants respectfully request that the Court grant this motion and extend the period of time for Defendants to file their answer(s) or motion(s) in response to Plaintiff's Complaint.

WHEREFORE, Defendants request that the period of time for them to answer or file a motion in response to Plaintiff's Complaint be extended through and including May 5, 2021.

Respectfully submitted,

\s\ Sharon A. Lisitzky
Sharon A. Lisitzky, Esq.
  Fla. Bar No. 0382700
LISITZKY LAW GROUP P.A.
20704 W. Dixie Highway
Aventura, FL 33180
Tel.: (305) 632-8444
sharon@lislawgroup.com
COUNSEL FOR AMEX

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished via the e-Filing Portal to Karen Coolman Amlong, Esq., Counsel for Plaintiff, Amlong & Amlong, P.A., 500 Northeast Fourth Street, Second Floor, Fort Lauderdale, FL 33301 kamlong@theamlongfirm.com, this 21st day of April, 2021.

\s\ Sharon A. Lisitzky
Sharon A. Lisitzky, Esq.
Counsel for Defendant

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO. <u>CACE20021780</u>   DIVISION   <u>08</u>   JUDGE   <u>David A Haimes</u>

**Phillip Moody**

Plaintiff(s) / Petitioner(s)

v.

**American Express Company, et al**

Defendant(s) / Respondent(s)

_____ /

## <u>AGREED ORDER ON MOTION FOR EXTENSION OF TIME TO RESPOND TO</u>
## <u>PLAINTIFF'S COMPLAINT</u>

THIS MATTER is before the Court on Defendants' Agreed Motion for Extension of Time to Respond to Plaintiff's Complaint.  Upon consideration of the matter, it is hereby

ORDERED that Defendants' Agreed Motion is GRANTED.  Defendants shall have until and including May 5, 2021, to answer or file their motion(s) in response to Plaintiff's Complaint.

**DONE** and **ORDERED** in Chambers, at Broward County, Florida on <u>04-22-2021</u>.

<u>CACE20021780 04-22-2021 9:32 AM</u>

Hon. David A Haimes

**CIRCUIT JUDGE**

Electronically Signed by David A Haimes

Copies Furnished To:

Karen Coolman Amlong , E-mail : kamlong@theamlongfirm.com

Karen Coolman Amlong , E-mail : eservice@theamlongfirm.com

Sharon A. Lisitzky , E-mail : sharon@lislawgroup.com

Sharon A. Lisitzky , E-mail : sharlis18@gmail.com